UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RASHEAM NICHOLS,

        Petitioner,

v.                              CASE NO. 07-14786
                                HONORABLE GEORGE CARAM STEEH

C. EICHENLAUB,

        Respondent.
_____/

## **ORDER DISMISSING THE HABEAS CORPUS PETITION WITHOUT PREJUDICE**

Petitioner Rasheam Nichols has filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241. The habeas petition challenges the validity of 28 C.F.R. §§ 570.20 and 570.21. Respondent argues in an answer to the habeas petition that Petitioner has failed to exhaust administrative remedies for his claims, that his claims are premature, and that the claims lack merit. Because the Court agrees that Petitioner's claims are premature, the Court will dismiss the habeas petition without prejudice.

### I. Background

Petitioner has been convicted of Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine Base. *See* 21 U.S.C. §§ 841(a)(1) and 846. On November 2, 2005, a federal district judge in the United States District Court for the Northern District of Ohio sentenced Petitioner to 135 months in prison, followed by three years of supervised release.

Petitioner filed his habeas corpus petition on November 7, 2007, while he was an inmate

at the Federal Correctional Institution in Milan, Michigan.[1] He alleges that the policy of the Federal Bureau of Prisons to prohibit placement of federal prisoners in community corrections centers or residential re-entry centers, except during the final six months of their sentences, conflicts with the unambiguous congressional directive of 18 U.S.C. § 3621(b). He asserts that he is entitled to a fair evaluation of his request for a transfer to a residential re-entry center based on the criteria in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and 570.21.

## II. Discussion

Article III, section 2, of the United States Constitution provides federal courts with jurisdiction over "cases" and "controversies." The Court is "obliged under Article III to limit its jurisdiction to ripe cases, to avoid issuing advisory opinions based upon hypothetical situations." *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995).

> Ripeness focuses on the timing of the action rather than on the parties who bring the suit. In *United Steelworkers, Local 2116 v. Cyclops Corp.,* 860 F.2d 189, 194-95 (6th Cir. 1988), [the Court of Appeals] outlined the factors that a court must weigh in deciding whether to address the issues presented for review; i.e., the hardship to the parties if judicial review is denied at the pre-enforcement stage, the likelihood that the injury alleged by the plaintiff will ever come to pass, and the fitness of the case for judicial resolution at this stage. In the context of a pre-enforcement challenge, a case is ripe for review "only if the probability of the future event occurring is substantial and of 'sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " Thus, the ripeness requirement aims to prevent the court from entangling itself in "abstract disagreements."

*People Rights Organization, Inc.*, *v. Columbus,* 152 F.3d 522, 527 (6th Cir. 1998) (citations and footnote omitted).

---

[1] Petitioner subsequently was transferred to a federal prison camp in Montgomery, Alabama.

Petitioner is not likely to suffer any hardship if judicial review is denied, because he concedes that he is not entitled to placement in a residential re-entry center before the final six months of his sentence. His projected release date is March 15, 2015, and the Bureau of Prisons does not expect to prepare a final and specific release plan for Petitioner until approximately one year before March 15, 2015. Moreover, it is anticipated that the issue in dispute will be resolved by the Court of Appeals in this Circuit sometime in the near future. Thus, it is possible that the claimed injury (a categorical determination of Petitioner's eligibility for placement in a residential re-entry center) will never occur.

This case is not fit for judicial resolution because there is not a substantial probability that the Bureau of Prisons will consider transferring Petitioner to a residential re-entry center for a number of years. The Court therefore concludes that Petitioner's claim is not ripe for review. His habeas corpus petition is DISMISSED without prejudice.

Dated: January 3, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 3, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk